UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAY GUERRERO,

    Defendant.
_____/

Case No. 2:17-cr-20191

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE (ECF Nos. 660; 668) AND DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL (ECF No. 668)**

In this case, Defendant Ray Guerrero continues to seek reductions in his sentence and changes to his presentence investigation report (PSR), arguing that the relevance of his criminal history has "expired" and that some charges were dismissed. Guerrero also seeks appointment of counsel to litigate his claims. Having reviewed the briefs in this case, this Court concludes a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). Because Guerrero has provided no authority entitling him to resentencing, this Court will deny his motions.

**I. BACKGROUND**

On March 30, 2017, a grand jury indicted Defendant Ray Guerrero for (1) conspiracy to possess with intent to distribute controlled substances, in violation of

21 U.S.C. § 846; (2) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[1] ECF No. 1. After a trial, a jury found Guerrero guilty on the first and second counts but acquitted him on the third count. *See* ECF Nos. 599–602, 605–608, 624–630.

On June 21, 2023, United States District Judge Bernard A. Friedman sentenced Guerrero to 292 months' imprisonment to be followed by four years of supervised release. ECF No. 620. That same day, Guerrero filed an appeal, challenging his sentence. ECF No. 616. In July 2024, the Sixth Circuit Court vacated Guerrero's appeal and remanded the case for resentencing because the district court failed to consider Guerrero's nonfrivolous arguments about his relative culpability compared to his co-defendants. ECF No. 643 at PageID.4164–67. After being appointed counsel, ECF No. 646, Guerrero was resentenced on January 27, 2025, to 240 months' imprisonment with four subsequent years of supervised release. *See* ECF Nos. 656; 659.

But a month later, Guerrero filed a motion to reduce his sentence, claiming that "the 14 year window of [his] criminal history has expired at sentencing" and "asking if a new calculation of category (1) can [be] applied to [his] sentence." ECF

---

[1] The first, second, and amended second superseding indictments all remained the same as to Guerrero. *See* ECF Nos. 155; 586; 587.

No. 660 at PageID.4399. He also asked that "the Probation Dept. remove all language about Sex Trafficking from [his presentence investigation] report" because "on Sept. 22, 2022 days before [his] trial[,] [t]he charges for Sex Trafficking were dismissed." *Id.* In August 2025, Guerrero filed another motion to reduce his sentence and asked for appointed counsel. ECF No. 668. His August motion presents no arguments and merely asks that he be appointed counsel because he has "been incarcerated since 2017 and cannot afford one." *Id.* at PageID.4422.

In its response, the Government argues that Guerrero's motions should be denied because Guerrero offers no authority for this Court to grant his requested relief. ECF No. 663 at PageID.4412. It notes that under the federal sentencing guidelines, "[t]he fact that post-criminal conduct time has passed does not change [a] defendant's criminal history" when calculating his sentence. *Id.* Additionally, the Government states that Guerrero's request to eliminate the part of his presentence investigation report (PSR) regarding his sexual misconduct is not proper because he "was not convicted of a sexual crime in this case, and there was no impact at all on either Guerrero's sentencing guidelines calculation or his sentence." *Id.*

## II. SENTENCE REDUCTION

Generally, a defendant seeking a reduction in his sentence must seek relief under 18 U.S.C. § 3582(c). Under this statute, a defendant may argue that he qualifies for a change in sentencing guidelines that lowers his guideline range or that

he should be released early for extraordinary and compelling reasons like severe illness or debilitation. *See* 18 U.S.C. § 3582(c).

A federal prisoner defendant may also move to vacate his sentence under 28 U.S.C. § 2255 if the motion is brought within one year of his judgment or "if a right has been 'newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *United States v. Washington*, Nos. 10-20198; 20-11753, 2024 WL 4361942, at *2 (E.D. Mich. Sept. 30, 2024) (quoting 28 U.S.C. § 2253(f)(3)).

Here, Guerrero has not cited either statute. *See* ECF Nos. 660; 668. In fact, Guerrero has not cited *any* authority for the relief he seeks. *See id.* Even construed liberally, his claim that his 15-year-old criminal history has "expired" is not reflective of a change in his guidelines range nor an extraordinary or compelling reason for compassionate release under 18 U.S.C. § 3582(c). Guerrero also has not provided any authority as to how his claim could be part of a "newly recognized right" by the United States Supreme Court. *See Washington*, 2024 WL 4361942, at *2. Simply put, one's 15-year-old criminal history does not expire nor entitle a defendant to resentencing. Therefore, Guerrero is not entitled to relief under either of the statutes that may permit sentence reductions.

## III. PSR CHANGE AND COUNSEL APPOINTMENT

As for his request to modify his PSR, Guerrero again provides no authority for this Court to do so. *See* ECF No. 660.

A defendant has 14 days to object to a PSR and "must provide a copy of [his] objections to the opposing party and to the probation officer." FED. R. CIV. P. 32(f). At sentencing, the court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FED. R. CIV. P. 32(i)(3)(B). Generally, failure "to object to the contents of the pre-sentence investigation report at sentencing" precludes later challenges to the PSR's accuracy. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001) (finding that a prisoner may not challenge a PSR under habeas corpus). And "to prevail on a claim that a trial court relied on inaccurate information at sentencing," the claimant "must demonstrate that the sentencing court relied upon this information *and* that it was materially false." *Id.* (emphasis added). Furthermore, "inaccurate information in a pre-sentence investigation report does not constitute a denial of due process." *Id.*

Here, Guerrero has provided no allegations or evidence that he objected to the accuracy of the PSR's references to sexual misconduct nor that the Court considered the dismissed sexual misconduct charges to his detriment when resentencing him in

- 5 -

2025. *See Allen*, 156 F. Supp. 2d at 797. Instead, Guerrero's counsel at the resentencing hearing made clear that the sexual misconduct charges against Guerrero had been dismissed, which, he argued, was precisely why Guerrero was entitled to a lower sentence than his co-defendant whose sexual misconduct charges had *not* been dismissed. *See, e.g.*, ECF No. 576 at PageID.2388–89 (sentencing co-defendant to 288 months' imprisonment for his guilty plea to production of child pornography). Thus, the record shows that Guerrero chose not to object[2] to this aspect of his PSR at the resentencing hearing, and that he failed to "demonstrate that the [re]sentencing court relied upon this information [to his detriment] and that it was materially false."

---

[2] And the record shows that Guerrero was aware of his responsibility to object to the PSR at the sentencing hearing, given that he did precisely that for his 2023 sentencing. ECF No. 610 at PageID.3018 (objecting to references to sexual misconduct charges in his PSR because they were dismissed before trial). And the record shows that the Government agreed with his objection and deleted his name in the paragraphs describing the sexual misconduct in which his co-defendants were involved. *Id.* Therefore, Guerrero's finalized PSR for the Court's consideration at sentencing in 2023 contained no information about sexual misconduct charges against him. *See id.*; *see also* ECF No. 622 at PageID.3225, 3259–66 (acknowledging at the sentencing hearing that the Government dismissed the sexual misconduct charges against Guerrero and considering the sentencing guidelines, nature of the offense, public welfare, and Guerrero's criminal history to determine his sentence).

     Moreover, at the resentencing hearing in 2025, Guerrero's counsel objected to a different part of the PSR pertaining to an old armed robbery plea, which the parties agreed to address and revise, delaying issuance of the judgment until it had been resolved. ECF No. 657 at PageID.4323 (sealed) (noting that defense counsel made changes to paragraph 56 of the PSR and the revised copy was then sent to this Court). This further supports the conclusion that Guerrero was aware of his ability to, but chose not to, object to any other contents in the PSR at the time he was required to do so. *See Allen*, 156 F. Supp. 2d at 797.

*See Allen*, 156 F. Supp. 2d at 797. Therefore, Guerrero has offered no bases for this Court to now alter his PSR. *See id.*; *see also* FED. R. CIV. P. 32. Accordingly, this Court will deny his request.

Finally, because this Court will deny Guerrero's motions to reduce his sentence, his motion to appoint counsel is moot. *See United States v. Daniels*, No. 04-80638, 2009 WL 152137, at *1 (E.D. Mich. Jan. 21, 2009) ("Because the court will deny Defendant's motion to reduce sentence, Defendant's motion to appoint counsel will be rendered moot, and the court will therefore deny it as well.").

In sum, Guerrero's motions will all be denied because none of his arguments warrant his requested relief.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motions to Reduce Sentence, ECF Nos. 660 and 668, are **DENIED.** It is further **ORDERED** that Defendant's Motion to Appoint Counsel, ECF No. 668, is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 30, 2026